```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  JONATHAN GALATZAN
    Assistant United States Attorney
 6  Asset Forfeiture Section
    California Bar No. 190414
 7     Federal Courthouse, 14th Floor
       312 North Spring Street
 8     Los Angeles, California 90012
       Telephone: (213) 894-2727
 9     Facsimile: (213) 894-7177
       E-mail: Jonathan.Galatzan@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) No. CV 13-8152 GW (MANx) |
|---|---|
| Plaintiff, | ) VERIFIED COMPLAINT FOR FORFEITURE |
| vs. | ) |
| $174,125.00 IN U.S. CURRENCY, | ) [21 U.S.C. § 881(a)(6)] |
| Defendant. | ) [D.E.A.] |

The United States of America brings this claim against the defendant $174,125.00 in U.S. currency ("defendant currency") and alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

2. This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendant is $174,125.00 in U.S. Currency and consists of (i) $47,691.00 seized from La Brea Compassionate Caregivers, 735 N. La Brea Avenue, Los Angeles, California; (ii) $89,922.00 seized from Zen Healing Collective, 8464 Santa Monica Boulevard, West Hollywood, California; and (iii) $36,512.00 seized from Alternative Herbal Health Services, 7828 Santa Monica Boulevard, West Hollywood, California.

6. The defendant currency was seized on April 16, 2013, and is in the custody of the United States Marshals Service, where it shall remain subject to this court's jurisdiction during the pendency of this action.

7. The interests of Andrew Kramer may be adversely affected by these proceedings.

## EVIDENCE SUPPORTING FORFEITURE

8. Andrew Kramer ("Kramer") is the head of a marijuana trafficking organization operating in the Los Angeles, CA area (hereinafter "Kramer DTO") that distributes marijuana retail (through his store locations) and wholesale to marijuana stores. Kramer also distributes marijuana to other areas of the United

States, including New Jersey, South Carolina and North Carolina via the United States Postal Service. Kramer has assisted in establishing and maintaining multiple marijuana stores in the Los Angeles area and has received significant monetary compensation for doing so. Several enforcement actions have been taken against the Kramer DTO.

9. On January 2, 2006, the Los Angeles Police Department ("LAPD") executed a search warrant at North Valley Discount Caregivers ("NVDC"), a marijuana store. Detectives seized approximately 17 kilograms of marijuana and marijuana products from the store. Detectives also discovered documents related to the business and identified Kramer as the store owner. Days later, NVDC reopened for business.

10. In conjunction with the LAPD, the DEA initiated an investigation into NVDC and Kramer.

11. On September 28, 2006, the DEA executed search warrants at NVDC and a residence identified as a stash location, which was located a few blocks away. The DEA seized approximately 95 kilograms of marijuana and marijuana products from NVDC and approximately 17 kilograms of marijuana and marijuana products and $50,000 in U.S. currency from the stash house. Interviews conducted of employees at NVDC revealed Kramer's ownership of multiple marijuana stores throughout Los Angeles County. It was also discovered that Kramer coordinated with Pacific Support Services ("PSS"), a "medical" marijuana recommendation writing service, to provide all-inclusive services for customers seeking to acquire marijuana. Kramer also used PSS bank accounts to launder proceeds from his

marijuana stores.  On the same date, the DEA seized four Bank of America bank accounts, all in Kramer's name, containing funds totaling approximately $93,000.

12. On January 17, 2007, the DEA executed search warrants at two of Kramer's marijuana stores in West Hollywood, CA.  At West Hollywood Center for Compassionate Healing ("WHCCH"), also known as The Sunset Shop, the DEA seized approximately 379 kilograms of marijuana and marijuana products and $21,000 in U.S. currency.  At California Cannabis Pharmaceuticals ("CCP"), later renamed Zen Healing Collective ("ZHC"), the DEA seized approximately 116 kilograms of marijuana and marijuana products and $6,000 in U.S. currency.  Bank accounts were identified and frozen.

13. On January 19, 2007, the DEA seized approximately $36,000 from five separate bank accounts.  Four accounts were in Kramer's name and one was in the name of Kramer and PSS.

14. On November 2, 2007, the LAPD executed a search warrant at 105/405, a marijuana store in Los Angeles.  Detectives seized approximately 12 kilograms of marijuana and marijuana products.  Kramer was determined to be the owner of this store.

15. On February 3, 2009, the DEA executed a search warrant at Marina Caregivers, a marijuana store in Marina Del Rey.  The DEA discovered documents that listed Kramer as being on Marina Caregivers' payroll, receiving an annual salary of $150,000.

16. On September 21, 2010, the LAPD Postal Interdiction Team intercepted a package mailed from Columbia, South Carolina to ZHC.  Detectives went to ZHC and spoke with employees and

4

Kramer. Detectives determined that the recipient was fictitious and no one at ZHC claimed the package. Detectives obtained a warrant for the package and discovered approximately $18,000 in U.S. currency.

17. On February 24, 2011, the LAPD, while conducting surveillance of Kramer at ZHC, observed an unknown male ("UM1") exit ZHC with four packages. The UM1 took the packages to a post office and mailed two packages, weighing approximately four pounds each, to Rahway, New Jersey. The other two packages, also weighing approximately four pounds each, were mailed to Columbia, South Carolina. The LAPD intercepted the packages and discovered that each contained marijuana.

18. On March 15, 2011, the DEA executed search warrants at two of Kramer's marijuana stores in West Hollywood, CA and Kramer's residence. At ZHC, the DEA seized approximately 441 kilograms of marijuana and marijuana products, 542 marijuana plants and $271,000 in U.S. currency. While at ZHC, a UPS package was delivered to ZHC. The package originated from North Carolina and contained approximately $30,000 in U.S. currency. Cristhiane Beatie, the wife of Kramer's brother, was present during the search warrant execution. Beatie stated that she was an employee of ZHC and that Kramer entrusted her with depositing money into bank accounts for ZHC. At Alternative Herbal Health Services ("AHHS"), the DEA seized approximately 149 kilograms of marijuana and marijuana products, 251 marijuana plants, and $34,000 in U.S. currency.

19. On May 11, 2012, special agents of the Internal Revenue Service ("IRS") and DEA Agents executed two seizure warrants at

JP Morgan Chase and BB&T. Subsequently, the DEA seized five JP Morgan Chase bank accounts and one BB&T bank account, all belonging to the Kramer DTO, totaling $1,254,831.

20. On July 16, 2012, the DEA and the Beverly Hills Police Department ("BHPD") met with a BHPD Confidential Informant ("CI1") concerning his/her knowledge of the Kramer DTO. Within the following three weeks, CI1 provided information that included the following:

    a. Kramer has an ownership interest in multiple marijuana stores, including ZHC, AHHS, La Brea Compassionate Caregivers ("LBCC"), located at 735 North La Brea, Los Angeles, CA, and Marina Caregivers. North Valley Discount Caregivers ("NVDC") was a marijuana store that was owned by Kramer, but is now closed.

    b. Kramer's mother, Rosalinda Levenson Kramer runs PSS. Dr. James Eisenberg was the doctor who wrote the "medical" marijuana recommendations. Cristhiane Beatie, aka "Sarah," did the money pick-ups at the end of the work day. Beatie is the wife of Kramer's brother, Matthew Kramer.

    c. ZHC is operated mostly by Beatie. Ana, aka "Sheriff," also runs the store. Ana is believed to be Anahi E. Gutierrez. Kramer purchased a house for Gutierrez. Kramer also owns several other properties, and Beatie was overheard speaking of purchasing property in Brazil.

    d. The Kramer DTO receives marijuana from outside vendors only. Kramer once had a marijuana grow next to ZHC but it has not been operational since the DEA executed a search

warrant there. The Kramer DTO also had a marijuana grow in downtown Los Angeles, but it is no longer operational.

21. On March 20, 2013, the BHPD and DEA conducted an interview of another BHPD Confidential Informant ("CI2") in regards to his relationship with the Kramer DTO. CI2 provided the following information:

 a. CI2 met Kramer around 2005 at the Sunset Shop, a marijuana distribution storefront. CI2 would go to the Sunset Shop to obtain marijuana for personal use.

 b. In May 2011, Kramer made contact with CI2, and spoke to CI2 about the marijuana business. CI2 introduced Kramer to methods of trafficking marijuana out of state. Kramer also asked CI2 if he (CI2) could find people to "close down shops." Kramer asked CI2 specifically if CI2 could burn down the Sunset Shop. The Sunset Shop, originally owned by Kramer, was taken over by the property owner, George Lanning, his wife, Nansee, and son, Justin.

 c. A couple of months later, CI2 introduced Kramer to methods of out of state shipping of marijuana. CI2 had a contact in North Carolina and Kramer developed contacts in South Carolina, North Carolina, and Maryland. CI2 believed Kramer did the majority of shipping marijuana out of state with CI2. Kramer and CI2 split the profits 50/50. Kramer would supply the marijuana and CI2 would ship it. The United States Postal Service was used primarily as the shipper. The recipients of the packages were instructed to deposit payments into Wells Fargo and Bank of America bank accounts.

22. On April 16, 2013, the DEA executed Federal search warrants at LBCC, ZHC, and AHHS.

23. As a result of the search at LBCC, law enforcement officers seized $47,691.00 in U.S. currency (a portion of the defendant currency) from a locked safe in the office area. Officers also seized approximately 74 kilograms of processed marijuana, 156.6 kilograms of marijuana edibles, 6 kilograms of hashish and one firearm.

24. As a result of the search at ZHC, law enforcement officers seized $4,146.00 in U.S. currency (a portion of the defendant currency) from the cash register in the dispensary room and $85,776.00 in U.S. currency (a portion of the defendant currency) from a safe located on the second floor. Officers also seized 356 kilograms of processed marijuana, 338 kilograms of marijuana edibles, 44.6 kilograms of hashish, and 12 kilograms of hash oil.

25. As a result of the search at AHHS, law enforcement officers seized $36,512.00 in U.S. currency (a portion of the defendant currency) from a safe. Officers also seized an unknown amount of marijuana, in plant, processed, and edible forms, from AHHS, along with an unknown amount of hash.

26. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotics trafficking, or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

1    WHEREFORE, plaintiff United States of America prays that:

2    (a)  due process issue to enforce the forfeiture of the
3 defendant currency;

4    (b)  due notice be given to all interested parties to
5 appear and show cause why forfeiture should not be decreed;

6    (c)  that this Court decree forfeiture of the defendant
7 currency to the United States of America for disposition
8 according to law; and,

9    (d)  for such other and further relief as this Court may
10 deem just and proper, together with the costs and disbursements
11 of this action.

12 DATED: November 4, 2013        ANDRÉ BIROTTE JR.
                                 United States Attorney
13                               ROBERT E. DUGDALE
14                               Assistant United States Attorney
                                 Chief, Criminal Division
15                               STEVEN R. WELK
                                 Assistant United States Attorney
16                               Chief, Asset Forfeiture Section

17

18                               _____
                                 JONATHAN GALATZAN
19                               Assistant United States Attorney
                                 Attorneys for Plaintiff
20                               United States of America

VERIFICATION

I, Patrick Kelly, hereby declare that:

1. I am a Special Agent with the Drug Enforcement Administration and I am the case agent for the forfeiture matter entitled <u>United States of America v. $174,125.00 in U.S. Currency</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 1st, 2013 in Los Angeles, California.

_____
PATRICK KELLY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____George H. Wu_____ and the assigned Magistrate Judge is _____Margaret A. Nagle_____.

The case number on all documents filed with the Court should read as follows:

**2:13CV8152 GW MANx**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

November 4, 2013                      By  J.Prado
_____                           _____
     Date                                  Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNITED STATES OF AMERICA

**DEFENDANTS** (Check box if you are representing yourself ☐)
$174,125.00 IN U.S. CURRENCY

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
ANDRÉ BIROTTE JR., United States Attorney
JONATHAN GALATZAN, Assistant United States Attorney, California Bar No. 190414
United States Attorney's Office, 312 N. Spring Street, 14th Fl., Los Angeles, CA 90012
Telephone: (213) 894-2727 / Facsimile: (213) 894-7177

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☒ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
21 U.S.C. § 881(a)(6)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL PROPERTY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-8152**

CV-71 (09/13)                    CIVIL COVER SHEET                    Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☒ Yes  ☐ No<br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?**<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☒ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. →

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ↓

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: → | WESTERN |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [X] NO   [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)

[ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____   DATE: 11/4/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |